IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-hc-2224-BO

| | | |
|---|---|---|
| FRANK LOCKLEAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |

On September 12, 2016, Frank Locklear ("Locklear"), filed pro se a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1]. The court's November 2017 order allowed the matter to proceed. See [D.E. 10]. On December 6, 2017, respondent filed an answer [D.E. 13], a motion for summary judgment [D.E. 14], a statement of material facts [D.E. 15], an appendix to the statement of facts [D.E. 16], and a memorandum in support of the motion for summary judgment [D.E. 17]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Locklear about respondent's summary judgment motion, the response deadline, and the consequences of failing to respond [D.E. 18]. Locklear did not respond. For the reasons discussed below, the court will grant respondent's pending motion for summary judgment.

Background:

On November 20, 2015, in Robeson County Superior Court, Locklear pleaded guilty to first-degree burglary, conspiracy to commit robbery with a dangerous weapon and first-degree burglary, attempted robbery with a dangerous weapon, and assault with a deadly weapon with intent to kill inflicting serious injury ("AWDWIKISI"). See App. [D.E. 16-1] at 2–5. Locklear was sentenced to 58-82 months for the AWDWIKISI to begin at the expiration of his consolidated sentence of 51-

74 months for the other offenses. See id. Locklear filed pro se a motion for appropriate relief ("MAR") arguing that: he was not guilty; he was acting in self-defense; his attorney improvidently convinced him to accept a plea deal; and that he was "box-carted" as a level 1 record offender. See App. [D.E. 16-2]. The MAR was summarily denied. See App. [D.E. 16-3]. Locklear then filed a petition of certiorari with the North Carolina Court of Appeals but this petition was dismissed on procedural grounds for failure to attach supporting documents. See App. [D.E. 16-4, 16-5, 16-6].

Arguments:

Locklear generally argues that errors on the face of his plea agreement as to his maximum total sentence rendered his plea not knowing and voluntary. See [D.E. 1]. Specifically, Locklear first contends that his total maximum punishment was actually 78 months. Id. at 5. Alternatively, Locklear contends that the maximum amount of potential punishment on his transcript of plea was incorrectly totaled to equal 787 months (instead of 727 months, the actual total). Id. at 6.

Respondent generally argues that Locklear's grounds for relief are both without merit and, because he did not raise these issues in his MAR, procedurally barred. See Mem. [D.E. 17] at 2. Respondent asserts that Locklear's first contention is patently false because the transcript of plea, on its face: (1) enumerates specific maximum possible sentences for each crime, each of which was individually greater than 78 months; and (2) indicates that, as per the plea agreement, Locklear's AWDWIKISI sentence would range from 58-82 months imprisonment to follow consecutively after a consolidated sentence of 51-74 months for his other offenses. See id. at 2–3. As to Locklear's second contention, although respondent agrees that the maximum amount of punishment was incorrectly totaled on the plea transcript, respondent asserts that the error was harmless. Id. at 4. Specifically, respondent contends that "no rational petitioner . . . would have rejected a plea bargain

2

carrying a specific maximum sentence of 123 months . . . merely because the total maximum possible sentence carried by the offenses was actually 60.5 years instead of 65.5 years." Id.

Legal Standard:

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (alteration and internal quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court cannot grant habeas relief in cases where a state court considered a claim on its merits unless (1) the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or (2) the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d). A state court decision is "contrary to" Supreme Court precedent if it either "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme

3

Court precedent and arrives at a result opposite" to the Supreme Court's result. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407; see White v. Woodall, 134 S. Ct. 1697, 1702–07 (2014).

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc).

Federal courts apply a highly deferential standard of review under 28 U.S.C. § 2254(d) and (e). See, e.g., Dunn v. Madison, 138 S. Ct. 9, 11 (2017) (per curiam), reh'g denied, 138 S. Ct. 726 (2018); Kernan v. Cuero, 138 S. Ct. 4, 8 (2017) (per curiam), reh'g denied, 138 S. Ct. 724 (2018); Cullen v. Pinholster, 563 U.S. 170, 181 (2011); Harrington v. Richter, 562 U.S. 86, 103 (2011). A habeas petitioner meets this "standard only when he shows that the state court's decision was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Dunn, 138 S. Ct. at 11 (quotation omitted). Moreover, a state court's factual determination is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010).

Absent a valid excuse, a state prisoner must exhaust all available remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b); Woodford v. Ngo, 548 U.S. 81, 92 (2006) ("In habeas, the sanction for failing to exhaust properly (preclusion of review in federal court) is given the separate name of procedural default"); Rose v. Lundy, 455 U.S. 509, 522 (1982).

To satisfy the exhaustion requirement, an inmate must "fairly present" his claims to the state court. See Picard v. Connor, 404 U.S. 270, 275 (1971); Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). A claim is "fairly presented" if the petitioner presents to the state court the "substance of his federal habeas corpus claim," including "both the operative facts and the controlling legal principles." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) (quotations omitted), cert. denied, 522 U.S. 833 (1997), abrogated on other grounds by Miller-El v. Dretke 545 U.S. 231 (2005). The exhaustion requirement of section 2254 demands that state prisoners give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). This "one full opportunity" includes filing petitions for discretionary review with the state supreme court when that review is part of the ordinary appellate procedure in the state. See id. "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998) (citing Matthews, 105 F.3d at 911).

In North Carolina, a habeas petitioner may satisfy section 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the North Carolina Supreme Court for discretionary review, or by filing a state post-conviction proceeding (such as an MAR) and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-28(a) ("Decisions of the Court of Appeals upon review of [MAR] . . . are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ, or otherwise."), 15A-1415 (discussing MAR procedures), 15A-1422 (discussing review of MAR on appeal). A habeas petitioner has the burden of proving a claim has been exhausted. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994), cert. denied, 513 U.S. 1047 (1994).

5

Discussion:

Here, Locklear failed to raise in his MAR any argument regarding the miscalculation of maximum possible sentences on his transcript of plea or otherwise indicate that his misapprehension of the plea agreement rendered his plea not knowing and voluntary. See App. [D.E. 16-2]. Locklear also failed to raise these issues in his petition of certiorari with the North Carolina Court of Appeals. See App. [D.E. 16-4]. Because North Carolina courts have not had "one full opportunity" to review these claims, they are unexhausted. See O'Sullivan, 526 U.S. at 845; Breard, 134 F.3d at 619. Accordingly, these unexhausted claims likewise are procedurally defaulted. See Woodford, 548 U.S. at 92. Because Locklear has neither shown cause and prejudice, nor demonstrated that failure to consider the claim will result in a fundamental miscarriage of justice, Locklear has failed to meet the exceptions to the general bar of procedural default. Accordingly, the court is precluded from considering these claims on federal habeas review. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."), holding modified by Martinez v. Ryan, 566 U.S. 1 (2012); see also N.C. Gen. Stat. § 15A-1419(a)(1) (procedurally barring claim if, "[u]pon a previous [MAR], the defendant was in a position to adequately raise the ground or issue . . . but did not do so"); Boyd v. French, 147 F.3d 319, 332 (4th Cir. 1998) (noting that the Fourth Circuit has consistently found that N.C. Gen. Stat. section 15A–1419 "is an adequate and independent state-law ground for decision foreclosing federal habeas review").

Alternatively, Locklear's claims fail on the merits. Although a criminal defendant's decision

to plead guilty must be knowing and voluntary, see Boykin v. Alabama, 395 U.S. 238, 242–43 (1969); McCarthy v. United States, 394 U.S. 459, 466 (1969), courts do not lightly disregard sworn statements in a plea hearing when assessing the validity of a guilty plea, see Blackledge v. Allison, 431 U.S. 63, 73–74 (1977); United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005), and a plea transcript is presumed correct on federal habeas review, Parke v. Raley, 506 U.S. 20, 29–30 (1992).

Here, Locklear pleaded guilty to crimes with the following potential maximum sentences: first-degree burglary (204 months), conspiracy to commit robbery with a dangerous weapon and first-degree burglary (88 months), attempted robbery with a dangerous weapon (204 months), and AWDWIKISI (231 months). See Pet. Attach. [D.E. 1-1] at 4. Locklear swore or affirmed that: he could read or write at a twelfth-grade level; his attorney had explained the charges to him and they had discussed possible defenses; and that his guilty plea carried with it a waiver of certain rights, including the right to a jury trial and limitations on his right to appeal. Id. at 3. Locklear's sworn admissions bind him. See Blackledge, 431 U.S. at 73–74; Lemaster, 403 F.3d at 221.

Locklear's first contention–that his maximum possible sentence was 78 months–is flatly contradicted by the record. As to his second contention–that the maximum amount of potential punishment was incorrectly totaled on the plea transcript–Locklear fails to demonstrate that this error was prejudicial. The plea transcript listed the individual maximum sentence for each of the four crimes to which Locklear was pleading guilty, see Pet. Attach. [D.E. 1-1] at 4, and an individual able to read on a twelfth-grade level, such as Locklear, is presumed capable of the simple addition required to resolve any misunderstanding as to the total maximum sentence. Moreover, Locklear's apparent failure to recognize the discrepancy between the incorrect totaling of 787 months maximum incarceration and the correct totaling of 727 months cannot be said to be prejudicial where, as here, he actually received a lighter sentence than the incorrect maximum that he could have received.

7

Compare State v. Vaughn, 237 N.C. App. 100, 766 S.E.2d 699 (2014) (upholding the voluntariness of a guilty plea in spite of the court misinforming a defendant that he could face life imprisonment (rather than merely 344 months) where the defendant actually received a lighter sentence than the correct maximum), with State v. Reynolds, 218 N.C. App. 433, 437, 721 S.E.2d 333, 335–36, writ denied, review denied, 366 N.C. 219, 727 S.E.2d 285 (2012) (noting the voluntariness of the defendant's guilty plea was called into question because, as a result of the trial court's error, he actually received a harsher sentence than the maximum total sentence he was told he could receive).

In any event, Locklear has not shown that the MAR court's ruling reached a result contrary to, or involved an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d); Dunn, 138 S. Ct. at 12; Williams, 529 U.S. at 405. Moreover, in light of the evidence presented, the MAR court's ruling likewise was not based on an unreasonable determination of facts. See 28 U.S.C. § 2254(d)-(e). Accordingly, the court grants summary judgment to respondent.

After reviewing Locklear's habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### Conclusion:

For the reasons discussed above, the court GRANTS respondent's motion for summary judgment [D.E. 14], DENIES a certificate of appealability, and DIRECTS the clerk to close the case.

SO ORDERED. This _30_ day of April 2018.

TERRENCE W. BOYLE
United States District Judge

8